# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHEILA GRIFFIN, as Independent Administrator of the Estate of R.R., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-cv-1427-JES-JEH ) |
| MARY ANN POYNTER, et al., | ) ) ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on the Motion to Partially Dismiss Plaintiff's Second Amended Complaint, asserted by some, but not all Defendants. (Doc. 81); Defendants' Memorandum in Support, and Plaintiff's Response (Doc. 84). For the reasons set forth below, Defendants' Motion (Doc. 81), is denied.

### BACKGROUND

Plaintiff, the appointed administrator of the estate of R.R.,[1] filed a second amended complaint arising from the abuse and death of R.R., a minor. The facts establish that on January 26, 2019, 9-year-old R.R. was pronounced dead after having been abused by her father, Richard Rountree, and killed by Roundtree's girlfriend, Cynthia Clay, a/k/a Cynthia Baker. The Court had issued an order denying Defendants' prior motion to dismiss recounting the facts in detail, so they are not repeated here.

Plaintiff has filed a 23 count second amended complaint, with Counts II-VII directed

---

[1] Pursuant to Fed. R. Civ. P. 5.2(a) and CDIL L.R. 5.11, the Court refers to the deceased minor by her initials, R.R. For the sake of clarity, the Court disregards the distinction between the deceased minor and her estate, and references both Griffin and R.R. as Plaintiff throughout this Opinion.

against Rountree and Clay who not parties to this motion. Plaintiff has named eight other Defendants, all DCFS workers operating under a Child Welfare Employee License (CWEL). In Count I, Plaintiff states a federal claim, that the DCFS Defendants violated R.R.'s Fourteenth Amendment rights to life, liberty, property, and Equal Protection. Count I is not the subject of the motion to dismiss, as Defendant moves only to dismiss the Count VIII-XXIII state law claims directed against the DCFS Defendants.

Plaintiff has named DCFS employees Mary Ann Poynter, Ashley Deckert, Johanna O'Brien, Stephanie Moreau, Patricia Shannon, Mark Delashmit, and Supervisors Mark Ohrwall, and Daniel Norris, in their individual capacities only. Plaintiff asserts state law negligence claims under the Illinois Survival Act and Illinois Wrongful Death Act against each, requesting money damages. Plaintiff generally alleges that as an obligation of their licensure, each Defendant had a duty to "possess and apply the knowledge and use the skill and care ordinarily used by a reasonably careful Child Welfare Employee in the investigation of claims concerning the health, safety, and welfare of R.R." Plaintiff alleges, in part, that each breached this duty by failing to conduct appropriate investigations into allegations of abuse raised on September 29, 2016, July 24, 2017, and April 20, 2018. Plaintiff pleads that Defendants filed inaccurate and/or false reports, and failed to stop the abuse. Plaintiff also alleges that Defendants "Failed to report [their] knowledge and/or suspicion R.R. was at risk for abuse while in the custody of her father and his girlfriend Cynthia Clay." (Doc. 75 at 21, 23, 25, 28, 30, 32, 34, and 37). Plaintiff pleads that Supervisors Ohrwall, and Norris were both personally negligent, and negligent in their supervision of Defendants Moreau and Shannon, respectively.

The DCFS Defendants assert that Counts VIII-XXIII must be dismissed due to the application of state sovereign immunity. The State of Illinois, after having abolished its

2

sovereign immunity in the Illinois Constitution of 1970,[2] reinstated and codified it under the State Lawsuit Immunity Act ("Act"), 705 ILCS 505/1 *et seq.*. The Act prohibits the State being made party to suit in any court other than as provided in the Court of Claims Act, 745 ILCS 5/1. Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), the Court of Claims Act "governs claims in federal court arising under state law." *Murphy v. Smith*, 844 F.3d 653, 656 (7th Cir. 2016), *aff'd*, 138 S. Ct. 784 (2018); *Giovenco-Pappas v. Berauer*, 449 Ill. Dec. 530, 534 (1st Dist. 2020) ("Sovereign immunity implicates a court's subject matter jurisdiction.") (citing *Leetaru v. Board of Trustees of the University of Illinois*, 392 Ill. Dec. 275, 286 (2015)). As a result, if the State of Illinois is determined to be the real party in interest in this case, the Court may not exercise jurisdiction over the asserted state law claims.

Plaintiff disputes the claim to sovereign immunity, asserting that she has not named the State and has named the DCFS Defendants only in their individual capacities. Plaintiff argues that each Defendant was a licensed professional who had a duty to Plaintiff which was not limited to their status as State employees. As Plaintiff explains, each Defendant was required to be licensed; and for the CWEL license to issue, each candidate was required, at a minimum, to have a bachelor's degree, participate in a course of training, and pass a licensing exam supervised by the Direct Child Welfare Service Employee License Board. 20 ILCS 505/5c. Plaintiff argues she has not pled a breach of employment-related duties under which the State would be the real party in interest, so sovereign immunity does not bar the claims.

### LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The

---

[2] Ill. Const.1970, art. XIII § 4.

3

Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. However, "[a] claim must be plausible, but it need not supply the specifics required at the summary-judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

## DISCUSSION

Defendants assert that even though the state law claims are pled against them individually, the real party in interest is the State of Illinois which may only be sued in the Illinois Court of Claims. *See Benning v. Bd. of Regents of Regency Univ.*, 928 F.2d 775, 777 (7th Cir. 1991). "Whether an action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends not on the formal identification of the parties but rather on the issues involved and the relief sought." *Healy v. Vaupel*, 133 Ill.2d 295, 308 (1990) (citing *Herget National Bank v. Kenney* 105 Ill.2d 405, 408 (1985)). A Plaintiff cannot evade immunity by "making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested." *Id*.

In the cited *Healy* case, the Illinois Supreme Court considered a student's lawsuit against State University employees for personal injuries she sustained in a gymnastics accident. Defendants asserted the jurisdictional bar of sovereign immunity, claiming it was the State, not the individually named Defendants, which was the real party in interest. The *Healy* court adopted the three-part analysis first elucidated in *Robb v. Sutton,* 147 Ill.App.3d 710 (4th Dist. 1986). Based on this, it determined that statutory immunity would apply as: "(1) there are no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State." *Healy*, 133 Ill.2d at 309.

Here, Plaintiff asserts that neither of the first two factors can be established as Defendants' wrongful acts put them outside the scope of their employment-related duties; and the duty they breached was one generally owed to the public, independent of their State employment. Taking Plaintiff's second argument first, the Court considers whether Plaintiff has sufficiently pled that Defendants breached a duty owed not merely through their employment, but owed to the public generally.

A duty is independent of employment if it arises from a Defendant's status as something other than an employee. *Brandon v. Bonell,* 368 Ill.App.3d 492, 506 (2nd Dist. 2006) ("Because a professional duty derives from the duty of care imposed by one's status as a professional, this is an independent duty that does not arise solely from one's employment and, thus, a breach is not protected by sovereign immunity.") Defendants concede that in some circumstances a State employee may have a duty which extends beyond his State employment, noting that State-

5

employed professionals such as public defenders and doctors at state hospitals, "owe professional duties of care, which is shared by every member of those professions, and is thus, independent of their State employment." (Doc. 82 at 6). *See Healy*, 133 Ill.2d at 312, discussing *Madden v. Kuehn*, (1978) 56 Ill.App.3d 997 (2d Dist. 1978) (finding sovereign immunity did not apply where the State-employed IDOC physician was found to have "breached duties 'which every physician owes his patient, rather than obligations incurred solely by virtue of holding a public office.'")

In determining whether a duty is specific to a defendant's employment or owed to the public generally, the court is to consider the "source of duty" test identified in *Currie v. Lao*, 148 Ill.2d 151 (1992). There, the court considered a case where a State trooper injured a motorist while on duty and speeding, with some controversy as to whether he was responding to a call at the time. The court concluded "the proper inquiry is to analyze the source of the duty the employee is charged with breaching in committing the allegedly negligent act. Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court. Conversely, where the employee is charged with breaching a duty imposed on him *independently* of his State employment, sovereign immunity will not attach and a negligence claim may be maintained against him in circuit court." (internal citations omitted). *Id*. at 159. *See Hampton v. City of Chicago*, 349 F.Supp.2d 1075, 1078-79 (2004) ("in applying state immunity rules, it is appropriate to reference both *Healy* and *Currie*.")

The *Currie* court declined to extend sovereign immunity, finding that defendant's duty to refrain from negligence on the roadway was not imposed solely due to his employment. The opinion held that the State trooper had an independent duty to maintain a proper lookout and

6

control over his vehicle, "the same duty owed by all automobile drivers to their fellow motorists." *Currie*, 148 Ill.2d at 163. The court stated that it would not relieve Defendant of this duty "merely because he was employed by the State of Illinois." *Id.* Conversely in *Healy*, state sovereign immunity was applied as the source of the relationship between the student injured in the gymnastics exercise and the defendant university employees existed solely through Defendants' State employment. *See id.* at 1249 ("Whatever duty was owed by the defendants to the plaintiff existed because of the plaintiff's status as a student and her participation in university-sponsored activities.")

A holding similar to *Healy* is found in *Giovenco-Pappas*, 449 Ill. Dec. at 534, where a caseworker with the Illinois Department of Aging was sued in his individual capacity for having conducted an allegedly negligent investigation. Defendant argued that he should have the benefit of State immunity as his actions were "in furtherance of his State work, and any duty he breached was a duty he owed *only by virtue of the State work* he was performing." (emphasis in original). The court agreed, finding that the claim was barred by State sovereign immunity.

Plaintiff easily distinguishes *Giovenco-Pappas*, however, as there were no allegations there that the Defendant social worker had failed to adhere to professional licensure standards. Plaintiff cites *Janes v. Albergo*, 254 Ill.App.3d 951 (1st Dist. 1993) where sovereign immunity was denied in the claims against three physicians, four nurses, a family therapist, a mental health specialist, a unit director and a program coordinator. The court found that all had professional relationships with, and duties to the Plaintiff which were independent of their State employment. *See id.* at 965 citing *Horak v. Biris*, 130 Ill.App.3d 140 (2d Dist. 1985) (state immunity did not apply in action against certified social worker as "his duties were generated by the professional standards which regulate his professional relationships with his patients.")

7

Plaintiff further cites *Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1051 (4th Dist. 2009), where the court declined to apply State sovereign immunity. There, a student brought an action against State university football trainers. The Court found that the Defendant trainers had a duty independent of their employment as they were licensed and subject to the Athletic Trainers Act (225 ILCS 5/3(4). The trainers were determined to have an independent duty under the statute which "imposes specific requirements on all people regardless of their employment." (citing *Grimes v. Saikley*, 388 Ill.App.3d 802, 814 (4th Dist. 2009). The Court reasoned that as the Athletic Trainers Act provided a standard of care for all athletic trainers, the Defendants had a duty of care independent of their State employment. *Sellers*, 395 Ill. App. 3d at 1053.

There is a relevant statue at play in this case as well, although not cited by either party. Illinois has codified the Abused and Neglected Child Reporting Act ("Reporting Act"), 325 ILCS 5/4, which identifies certain practitioners who are mandated to report suspected abuse. Those practitioners enumerated in the Act include "field personnel of the Departments of Children and Family Services…." In the amended complaint, Plaintiff has pled that the DCFS Defendants failed to report their knowledge or suspicion that R.R. was being abused. It appears that Defendants had a statutory mandate to report such abuse whether or not it came to light through their employment.

The Court finds that Defendants had a duty of professional conduct through their CWEL licensing standards and the Reporting Act, and not solely by virtue of their State employment. Consequently, they had a generalized public duty, not merely a duty arising from an employment relationship. As a result, Defendants cannot establish either the second element of the *Healy* test, or under *Currie*, that their duty to Plaintiff existed solely because of their State employment. As the Court makes this finding, it need not consider Plaintiff's additional argument that the

8

Defendant's conduct went beyond the scope of their employment.

Although Defendants have not prevailed as to the *Healy* and *Currie* analyses, the inquiry does not necessarily end there. As previously noted, the application of sovereign immunity depends not only on the factors identified in *Healy* and *Currie*, but also on the relief requested. *Loman v. Freeman*, 375 Ill.App.3d 445, 451 (4th Dist. 2006), *aff'd,* 224 Ill.2d 577 (2007). Sovereign immunity may yet apply if the requested relief is such that "a judgment for the plaintiff could operate to control the actions of the [s]tate or subject it to liability." *Sellers,* 395 Ill. App. 3d at 1047; *Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345, 356 (2001).

Plaintiff asserts that a judgment in her favor would not operate to control the State as Illinois has already promulgated standards of care for those operating under CWEL licenses. *See Loman*, 375 Ill.App.3d at 451-452 (citing *Jinkins,* 209 Ill.2d at 337) ("Because the plaintiff merely alleged that the defendants had 'failed to abide by their respective professional standards of care,' a judgment for the plaintiff would not operate to control the actions of the state—which already had a policy of following the standard of care.")

As to the second inquiry, while the State might well indemnify the DCFS Defendants, "the State's obligation to indemnify its employees for liability incurred by them does not constitute the State's assumption of direct liability." *Janes*, 254 Ill.App.3d at 965. *Id*. (quoting *Kiersch v. Ogena*, 230 Ill.App.3d 57, 63) ("[D]efendant confuses liability with indemnity—that is, defendant tries to equate [defendant's] decision to indemnify its employees with direct liability of [defendant] for its employees' negligent conduct. The two are not the same, and the decision of [defendant] to indemnify its employees does not deprive the circuit courts of subject-matter jurisdiction over claims otherwise properly brought in the circuit court."

The Court hereby finds that Illinois state sovereign immunity does not apply to the DCFS

Defendants so as to divest this Court of jurisdiction of the matter.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. 81) is denied.

Entered on this 9th day of November, 2022.

s/James E. Shadid<br>
JAMES E. SHADID<br>
UNITED STATES DISTRICT JUDGE